IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:21-cv-734**

**Jenny Bishop,**
   **Plaintiff,**

**v.**

**Sierra Nevada Corporation,**
   **Defendant.**

---

## ORIGINAL COMPLAINT

---

COMES NOW Plaintiff Jenny Bishop ("Plaintiff"), by and through her attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint against Defendant Sierra Nevada Corporation ("Defendant"), and in support thereof she states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for all hours worked in excess of forty hours per week.

2. Plaintiff also brings this action under the Colorado Wage Act, C.R.S. § 8-4-101, *et seq.* ("CWA"), and Colorado Overtime and Minimum Wage Order No. 37, 7 C.C.R. § 1103-01 ("CMWO").

3. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA, the CWA and the CMWO as described, *infra*.

## II.   JURISDICTION AND VENUE

4. The United States District Court for the District of Colorado has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6. This Complaint also alleges CWA and CMWO violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's CWA and CMWO claims pursuant to 28 U.S.C. § 1367(a).

7. The witnesses to the wage violations herein reside in this District.

8. The records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III.   THE PARTIES

9. Plaintiff is a resident and citizen of El Paso County.

10. Defendant is a foreign, for-profit corporation, registered to do business in Colorado.

11. Defendant's registered agent for service of process is Corporation Service Company, at 1900 West Littleton Boulevard, Littleton, Colorado 80120.

12. Defendant maintains a website at https://www.sncorp.com/.

## IV.   FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

14. Defendant owns and operates an aircraft design and manufacturing company.

15. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as airplanes and fuel.

16. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

17. Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

18. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid her wages and benefits, controlled her work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

19. At all material times herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA, the CWA and the CMWO.

20. Plaintiff was employed by Defendant within the three years preceding the filing of this Original Complaint.

21. Specifically, Plaintiff was employed by Defendant from April of 2019 until January of 2021 as an hourly-paid Aircraft Inspector.

22. Plaintiff was primarily responsible for inspecting aircrafts to ensure they met aircraft safety standards.

23. Defendant paid Plaintiff an hourly rate and classified her as nonexempt from the overtime requirements of the FLSA.

24. Plaintiff regularly worked in excess of 40 hours per week throughout her tenure with Defendant.

25. Plaintiff was regularly required to perform work off the clock which went unrecorded and uncompensated.

26. Specifically, Plaintiff was required to take phone calls from Defendant after her shift was over.

27. Plaintiff estimates she spent approximately two hours per week on the phone which went unrecorded and uncompensated.

28. Defendant did not pay Plaintiff an overtime premium of 1.5x her regular hourly rate for all of her hours worked in excess of 40 each week.

29. During most of Plaintiff's shifts, Defendant failed to provide Plaintiff with compensated rest breaks of at least ten minutes for each four-hour period worked.

30. The CMWO states that employees are entitled to 10-minute compensated rest periods for each 4 hours of work. When employees are not permitted these breaks, their shift "is effectively extended by 10 minutes without compensation. . . . Therefore, a failure by an employer to authorize and permit a 10-minute compensated rest period is a failure to pay 10 minutes of wages[.]" *See* CMWO, Rule 5.2.4.

Case 1:21-cv-00734-RM-KMT   Document 1   Filed 03/11/21   USDC Colorado   Page 5 of 8

31. Defendant knew or showed reckless disregard for whether the way it paid Plaintiff violated the FLSA, the CWA and the CMWO.

## V. FIRST CLAIM FOR RELIEF—VIOLATION OF THE FLSA

32. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

33. 29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

34. Defendant classified Plaintiff as an hourly employee, nonexempt from the overtime requirements of the FLSA.

35. Defendant failed to pay Plaintiff an overtime rate of 1.5x her regular rate for all hours worked over 40 per week, despite her entitlement thereto.

36. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

37. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three years preceding the filing of Plaintiff's initial complaint.

38. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the

Page 5 of 8
Jenny Bishop v. Sierra Nevada Corporation
U.S.D.C. (D. Colo.) No. 1:21-cv-734
Original Complaint

amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

39. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI. SECOND CLAIM FOR RELIEF
### (Violations of CWA, C.R.S. § 8-4-101, et seq., CMWO, 7 C.C.R. § 1103-1)

40. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

41. Plaintiff regularly worked more than forty hours per week.

42. Defendant failed to properly pay Plaintiff overtime wages at a rate of not less than 1.5x her regular rate of pay for all hours worked over 40.

43. Defendant failed to permit Plaintiff 10-minute compensated rest breaks as required by Rule 5 of the CMWO, and therefore owes Plaintiff wages for each shift in which she was not allowed to take the required rest breaks.

44. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

45. Because Defendant willfully violated the CWA and CMWO, a three year statute of limitations shall apply to such violations.

46. As a result of Defendant's policies and practices described above, Plaintiff was illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, reasonable attorneys' fees, costs and other compensation pursuant to Colo. Rev. Stat. § 8-6-118.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jenny Bishop respectfully prays that Defendant be summoned to appear and to answer herein as follows:

A. That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to her;

B. A declaratory judgment that Defendant's practices violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

C. Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D. Judgment for liquidated damages pursuant to the FLSA, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

E. A declaratory judgment that Defendant's practices alleged herein violate the Colorado Minimum Wage Order Number 37, 7 Colo. Code Regs. § 1103-1(4);

F. Judgment for damages for all unpaid overtime compensation and penalties to which Plaintiff is lawfully entitled under the Colorado Minimum Wage Order Number 37, 7 Colo. Code Regs. § 1103-1(4), Colo. Rev. Stat. § 8-6-118, and/or the CWCA, Colo. Rev. Stat. § 8-4-109;

G. An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

H. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF JENNY BISHOP**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ April Rhéaume*
April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Colo. Bar No. 44358
josh@sanfordlawfirm.com